# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ERIC TESSNER, #317137, )<br>a/k/a Eric Dale Tessner, )<br>　　　　　　　　　　　　　　 )　CIVIL ACTION NO. 9:13-1626-DCN-BM<br>　　　　　　　Petitioner, )<br>　　　　　　　　　　　　　　 )<br>v.　　　　　　　　　　　　　 )　**REPORT AND RECOMMENDATION**<br>　　　　　　　　　　　　　　 )<br>WARDEN, KIRKLAND　　　 )<br>CORRECTIONAL INSTITUTION, )<br>　　　　　　　　　　　　　　 )<br>　　　　　　　Respondent.　 )<br>_____) | |

　　　　Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on June 11, 2013.[1]

　　　　The Respondent filed a return and motion for summary judgment on July 7, 2014. As the Petitioner is proceeding pro se, a Roseboro order was filed on July 8, 2014, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. However, Petitioner failed to timely respond, and a recommendation for dismissal was entered. Petitioner then sought additional time, but even after receiving the granting of a belated motion for extension of time, Petitioner still failed to timely file any response.

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).



After the case was dismissed for failure to prosecute, Petitioner was given yet another opportunity to file a response, which he eventually did on October 15, 2014, although this response primarily consists of a copy of Petitioner's Amended Post Conviction Relief ("PCR") petition with a few notations added. This matter is now before the Court for disposition.[2]

**Procedural History**

Petitioner was indicted in Florence County in March 2006 on two counts of murder [Indictment No. 06-GS-21-579] and one count of use of a vehicle without the owner's permission [Indictment No. 06-GS-21-580). (R.pp. 1519-1522). Petitioner was represented by Thurmond Brooker, Esquire, and after a jury trial on August14- 18, 2006, was found guilty on both counts of murder. (R.pp. 1247-1248). Petitioner was sentenced to consecutive life imprisonment terms on each murder charge, while the use of vehicle charge was apparently *nolle prossed* with leave to re-indict. (R.p. 1254). Petitioner did not file a direct appeal of his convictions or sentences.

On April 18, 2007, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. <u>Tessner v. State of South Carolina</u>, No. 2009-CP-21-619. (R.pp. 1304-1310). Petitioner originally raised the following issues in his APCR:

> Under the Sixth Amendment violation of the United States and South Carolina Constitutions.
>
> Ineffective Assistance of Counsel. Counsel Failed to Submit Evidence for My Defense.

(R.p. 1306).

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



Petitioner subsequently filed an amendment and supplement to his PCR petition, setting forth numerous ineffective assistance of counsel issues. (R.pp. 1312-1345). Petitioner was represented in his APCR by Charles Blake, Esquire, and an evidentiary hearing was held on Petitioner's application on September 9, 2009. (R.pp. 1367-1471). In an order filed October 5, 2009, the PCR judge denied relief on the allegations in the APCR, except for the granting of a belated review of a direct appeal. (R.pp. 1490-1518).

Petitioner filed a timely appeal of the PCR court's order by way of a Petition for Writ of Certiorari (merits brief) and a White v. State[3] brief (merits brief). Petitioner was represented on appeal by Robert M. Pachak, of the South Carolina Office of Appellate Defense. In the Petition for Writ of Certiorari, Petitioner raised the following issues:

> **Ground One:** Whether there was any evidence to support the PCR judge's findings that Petitioner was entitled to a belated appeal of his convictions?
>
> **Ground Two:** Whether defense counsel was ineffective in failing to request a jury charge on Petitioner's alibi defense?

Petition for Writ of Certiorari, p. 2 (Court Docket No. 50-11).

In the White v. State brief, Petitioner raised the following direct appeal issue:

> Whether the trial court erred in refusing to suppress evidence seized from the victim's and appellant's apartment when the police seized the evidence without a search warrant in violation of the Fourth Amendment?

See White v. State, p. 3 (Court Docket No. 50-12).

The South Carolina Supreme Court granted certiorari on Petitioner's first ground and proceeded with review of the direct appeal issue pursuant to Davis v. State, 342 S.E.2d 60 (S.C. 1986). On June 6, 2012, the South Carolina Supreme Court denied certiorari as to Petitioner's second

---

[3]208 S.E.2d 35 (S.C. 1974).



ground in his PCR appeal, and also denied Petitioner's belated direct appeal relief affirming Petitioner's convictions and sentences. See Court Docket No. 50-15. The Remittitur was issued on June 25, 2012. See Court Docket No. 50-16.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following issues:[4]

> Petitioner argues that he is being held in prison illegally because he has been wrongfully convicted in violation to his rights and those violations harmed him by having a substantial effect on the outcome of his trial, and the state court was unreasonable in finding that either his rights were not violated or the outcome of his trial was not affected by these violations. Petitioner aims to show this court that his custody violates the constitution and laws of the United States.
>
> **Ground One:** Petitioner argues that he was convicted based on information that was a reported jail cell conversations allegation between him and another inmate in violation of the Fifth and Sixth Amendments.
>
> **Ground Two:** Petitioner argues that prosecutor made an improper summation and closing argument.
>
> **Ground Three:** Petitioner argues the State failed to preserve important evidence in his investigation. He was denied needed expert assistance at trial in violation of the Fourteenth Amendment. The prosecution admitted hearsay and out-of-court statements against him in violation of the confrontation clause of the Sixth Amendment, and the admitted hearsay did not qualify as one of the many exceptions to the hearsay rule.
>
> **Ground Four:** Petitioner argues a witness lied on the stand about having been granted leniency from the police in exchange for testifying against him.
>
> **Ground Five:** Petitioner argues the community where members of the jury work or live was exposed to inflammatory media accounts about his double homicide in which involved a pregnant female during a time of domestic violence laws of South Carolina were of great involvement and interest. Members of a distinct class or group, such as "mothers" were systematically included in the grand jury in violation of the

---

[4]Petitioner failed to list any grounds in his original petition. However, Petitioner subsequently filed a document captioned "Objections to Report and Recommendation" which set forth his claims. See Court Docket No. 36.

4



> Fourteenth Amendment. Evidence was insufficient to sustain the jury's verdict of guilty beyond a reasonable doubt.
>
> **Ground Six:** Petitioner argues his lawyer did not represent him effectively at trial. His lawyer did not file an appeal although he wanted to file one. His lawyer did not represent him effectively in his direct appeal "years later" after being granted one at his P.C.R. hearing.
>
> **Ground Seven:** Petitioner argues many errors occurred during his trial that made the trial fundamentally unfair in violation of the Fourteenth Amendment. However, Petitioner needs to obtain additional information through public records and other means in order to support the facts of his case. So Petitioner must seek the process of discovery. This is a capital Habeas Petitioner, as showing "good reason" discovery is needed. Petitioner does not have access to the prison law library, nor even his own legal documents that states the facts of his case. The most important thing Petitioner wishes to do is tell the court the relevant facts that relate to his legal clams, and argue truthfully. However, the papers that make up his case for the reviewing court he cannot "at this time" provide. He is not just missing some of the record - but all of the record, having not the means to provide transcript page numbers, citations, law's and case's that apply to the factual situation, etc. Petitioner cant even submit all of his claims that are supported by the facts of his case at this time. Petitioner is having trouble finding out the rules that apply to this court, wishing to comply with the appropriate rules of discovery, due to the fact he' denied access to his institutions law library. All above claims are based strictly on Petitioner's memory. Petitioner has been in prison now for (9) years.

See <u>Objection to the Report and Recommendation filed on April 7, 2014</u>, pp. 2-4.

In addition to the above, Petitioner's response in opposition to summary judgment consists of a copy of Petitioner's amended PCR petition from state court and two exhibits which include a letter from Petitioner to Robert Pachak, his appellate counsel in his belated direct appeal and PCR appeal, and a letter from Mr. Pachak to Petitioner. Petitioner made a few notations on the copy of his amended PCR petition and also added language on pp. 2, 33 (related to ineffective assistance of direct appellate counsel), p. 17 (contending trial counsel should have called Dr. Barry Clark), p. 20 (contending trial counsel failed to have an expert witness testify regarding "prints"), p. 29 (regarding an unsworn statement from Daniel Stone), and p. 31 (adding a statement to his



argument concerning ineffective assistance of trial counsel for failing to file an appeal).

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

### (Grounds One, Two, Three, Four and Five)

In Grounds One-Five of his Petition, Petitioner raised direct appeal issues which he did not raise in his belated direct appeal. To the extent that Petitioner is attempting to raise some type of ineffective assistance of counsel claims with regard to Grounds Three - Five, Petitioner only pursued one ineffective assistance of counsel claim in his APCR appeal, which dealt with counsel failing to request a jury charge on Petitioner's alibi defense. However, that exhausted ineffective assistance of counsel issue is not presented in his current petition, and the remaining ineffective assistance of counsel claims presented in his federal habeas petition are procedurally barred.

Because Petitioner did not properly raise and preserve these issues in his APCR



proceedings or his direct appeal, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue these issues, they are fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though exhausted by way of procedural default, because these issues were not *properly* pursued and exhausted on the merits by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Martinez v. Ryan, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).



> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Petitioner does not present any argument as to cause for his procedural default of his ineffective assistance of counsel issues relating to trial counsel.  However, with regard to his direct appeal issues, Petitioner does state in general and conclusory terms that he received ineffective assistance of appellate counsel.

The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default;" Murray, 477 U.S. at  488; see also  Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"); Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc); including "[i]neffective assistance of counsel on *direct appellate review* [which] could [itself] amount to "cause", excusing a defendant's failure to raise (and thus procedurally defaulting) a constitutional claim." Trevino v. Thaler, 133 S.Ct. 1911, 1917-1918 (2013); see also Gray v. Pearson, No. 12-5, 526 Fed. Appx. 331, 2013 WL 2451083 at * 2 (4th Cir. June 7, 2013)(quoting Martinez, 132 S.Ct. at 1316, 1317).  However, even giving Petitioner the benefit of assuming that he is arguing procedural default due to his appellate counsel's failure to raise the direct appeal issues asserted in this federal petition, he still has provided no specific arguments



with regard to ineffective assistance of appellate counsel on any of these issues.

In <u>Strickland v. Washington,</u> 466 U.S. 668 (1984), the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. <u>Id.</u>, at 694. After careful review of the record and the arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that Petitioner has failed to meet his burden of showing that his appellate counsel was ineffective under this standard. <u>Smith v. North Carolina</u>, 528 F.2d 807, 809 (4th Cir.1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]

Petitioner alleges only in conclusory and general terms that his appellate counsel was ineffective because he didn't raise more issues. However, appellate counsel may make a reasonable strategic choice not to appeal every non-frivolous argument requested by a defendant; <u>Jones v. Barnes</u>, 463 U.S. 745, 751-754 (1983); and appellate counsel's representation is not ineffective where he makes an informed decision based on reasonable professional judgment. <u>Griffin v. Aiken</u>, 775 F.2d 1226, 1235 (4th Cir. 1985). Petitioner has produced no evidence or even argument to support his assertions with regard to ineffective assistance of appellate counsel, asserting instead just a general complaint, and he has therefore failed to meet his burden of showing any prejudice, which is necessary, nor has he presented evidence to prove this claim. <u>Smith</u>, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Petitioner may

9



not establish a genuine question of fact by "[c]onclusory or speculative allegations. . . ." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002). Since Petitioner has offered nothing beyond conclusory and speculative allegations to show any ineffective assistance of his appellate counsel, he has failed to show that his appellate counsel was ineffective for failing to raise any of these issues, and by failing to show any ineffective assistance on these claims, Petitioner has failed to show cause for his procedural default. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if these claims are not considered. see, Wainwright v. Sykes, supra; Murray, 477 U.S. at 496; Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496)); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995)). To prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show his factual innocence. Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Further, Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted." United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999). Petitioner has introduced no evidence that was not available at the time of his trial to establish his factual innocence.

Accordingly, Grounds One through Five are procedurally barred from consideration by this Court, and must be dismissed. See 28 U.S.C. § 2254.



## II.

### (Ground Six)

With regard to Ground Six, which involves what appears to be three ineffective assistance of counsel claims, the first claim is too general with no supporting allegations to discern what issues Petitioner is even attempting to raise, other than just to generally complain about his trial counsel. The second claim in Ground Six deals with his trial counsel's failure to file a direct appeal. However, since Petitioner was granted a belated appeal, that issue is now moot. See United States v. Howze, 178 Fed.Appx. 328 at **1 (4th Cir. 2006)[ineffective assistance of trial counsel claim for failing to file a notice of direct appeal was rendered moot be granting of a belated appeal].

The final claim in Ground Six deals with Petitioner's claim of ineffective assistance of appellate counsel during his belated direct appeal. However, although Petitioner alleges in general and conclusory language that his direct appeal counsel was ineffective for failing to raise additional issues, Petitioner does not specify what issues he is referring to and/or make any arguments as to the merits of any additional direct appeal issues. As previously noted, counsel is not required to raise every non-frivolous claim, but instead may rely on their expertise and experience to maximize the likelihood of success; see Eppenger v. McFadden, No. 13-1958, 2014 WL 4198862 at * 7 (D.S.C. Aug. 21, 2014)["appellate counsel is not required to raise every non-frivolous issue that is presented by the record."]; Jones v. Barnes, 463 U.S. at 751-754; and appellate counsel's representation is not ineffective if he makes an informed decision based on reasonable professional judgment. Griffin, 775 F.2d at 1235. Petitioner has therefore failed to show any prejudice, which is necessary, nor has he presented evidence to prove this claim. See discussion, supra; Smith, 528 F.2d at 809.

Furthermore, Petitioner has not in this Ground even set forth any specific issue that

11



he contends counsel should have, but did not, raise on appeal. Therefore, Ground Six of the Petition is without merit and should be dismissed.

### III.

In Ground Seven, in addition to complaining that Petitioner did not have access to the state record in his case at that time (April 2014)[5], Petitioner seeks discovery in general terms. However,

> [t]he Petitioner cannot prevail in his demands for discovery, as the Supreme Court has ruled that federal habeas proceedings are limited to the record that was before the state court that adjudicated the claim on the merits. Reversing a District Court that held an evidentiary hearing in a habeas proceeding, the Court explained that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).

Brannon v.Stevenson, No. 13-1792, 2014 WL 4954884 at *3 (D.S.C. Sept. 29, 2014).

Furthermore, Petitioner has not shown discovery or the expansion of the record to be necessary in this case. See Bracy v. Gramley, 520 U.S. 899, 908-909 (1987)[Discovery allowed in habeas cases only where there is "reason to believe the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . .entitled to relief."]. Again, as with some of Petitioner's other claims, he makes broad, sweeping statements [in this instance about needing discovery], but fails to demonstrate any specific need which would entitle him to relief. Therefore, this issue is without merit and should be dismissed.

---

[5]Petitioner has, however, since the submission of his April 2014 filing, obtained and filed copies of documents from his PCR proceeding and correspondence dealing with his appeal. See Court Docket No. 36, p. 4; see also Court Docket No. 65.



**Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

November 4, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

